IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GARY LEE MOYE,
    Plaintiff,

vs.                                                                      Case No. 3:10cv89/MCR/EMT

DAVID MORGAN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon referral from the clerk. Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). On April 13, 2010, this court entered an order giving Plaintiff thirty (30) days in which to pay the filing fee or submit a properly completed motion to proceed in forma pauperis (Doc. 18). Plaintiff failed to respond to the order; therefore, on May 24, 2010, the court issued an order requiring Plaintiff to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 20). The time for compliance with the show cause order has now elapsed with no response from Plaintiff.[1]

        Accordingly, it is respectfully **RECOMMENDED**:

        That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

---

[1] The order to show cause was returned to the court on June 7, 2010, marked "Return to Sender. No Longer At This Address" (*see* Doc. 21). The same day, the court re-mailed the order to Plaintiff at the address indicated on the website of the Florida Department of Corrections: Gary Moye, DC #221111, Northwest Florida Reception Center Annex, 4455 Sam Mitchell Drive, Chipley, FL 32428-3567 (*id.*). To date, the court has received no response from Plaintiff.

At Pensacola, Florida, this 24th day of June 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**